IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INTELSAT USA SALES CORPORATION, )<br>A Delaware Corporation, )<br>)<br>3400 International Drive )<br>Washington, DC 20008 )<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SATCOM SYSTEMS, INC. )<br>A Nevada Corporation, )<br>)<br>2333 North Valley Street )<br>Burbank, CA 91505-1114 )<br>)<br>Defendant. )<br>) | Case No. 1:07-cv-00119<br>Judge: James Robertson<br>Deck Type: Contract<br>Date Stamp: 01/18/07 |

## ANSWER

Defendant Satcom Systems, Incorporated ("Satcom"), by its counsel, DLA Piper US LLP, answers the allegations in Plaintiff Intelsat USA Sales Corporation's ("Intelsat") Complaint (the "Complaint") as follows:

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint.

2. Admits the allegations contained in Paragraph 2 of the Complaint.

3. The allegations contained in Paragraph 3 of the Complaint consist of conclusions of law to which no response is required.

4. The allegations contained in Paragraph 4 of the Complaint consist of conclusions of law to which no response is required.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint, and admits that Satcom entered into various agreements with Intelsat, the terms and conditions of which were modified from time to time,.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint.

9. Denies the allegations contained in Paragraph 9 of the Complaint.

10. Denies the allegations contained in Paragraph 10 of the Complaint, except admits that Satcom refuses to pay plaintiff $8,765,611.47.

## COUNT ONE
## (BREACH OF CONTRACT)

11. Satcom incorporates its responses to the allegations contained in Paragraphs 1-10 of the Complaint as if fully set forth herein.

12. The allegations contained in Paragraph 12 of the Complaint consist of conclusions of law to which no response is required. To the extent a response is required, Satcom respectfully refers the Court to the Agreement for its contents and denies any characterization of the Agreement that is inconsistent with its terms.

13. Denies the allegations contained in Paragraph 13 of the Complaint.

14. Denies the allegations contained in Paragraph 14 of the Complaint.

15. The allegations contained in Paragraph 15 of the Complaint consist of conclusions

of law to which no response is required. To the extent a response is required, Satcom respectfully refers the Court to the Agreement for its contents and denies any characterization of the Agreement that is inconsistent with its terms.

## COUNT TWO
## (QUANTUM MERUIT/UNJUST ENRICHMENT)

16. Satcom incorporates its responses to the allegations contained in Paragraphs 1-15 of the Complaint as if fully set forth herein.

17. Admits the allegations contained in Paragraph 17 of the Complaint.

18. Admits the allegations contained in Paragraph 18 of the Complaint.

19. Denies the allegations contained in Paragraph 19 of the Complaint and admits that Satcom has paid Intelsat for services provided under the Agreement.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

21. The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

22. Intelsat breached its duty of good faith and fair dealing in the performance of the Agreement, therefore, Intelsat is not entitled to prevail in this action.

## THIRD AFFIRMATIVE DEFENSE

23. The claims in this action are barred by the doctrine of waiver.

## FOURTH AFFIRMATIVE DEFENSE

24. Intelsat's claims are barred by the doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

25. Intelsat's claims are barred by the doctrine of accord and satisfaction.

## SIXTH AFFIRMATIVE DEFENSE

26. Intelsat has failed to mitigate the injuries or damages it purportedly has sustained.

## SEVENTH AFFIRMATIVE DEFENSE

27. Intelsat's claims are barred by the doctrine of estoppel.

## EIGHTH AFFIRMATIVE DEFENSE

28. Satcom reserves the right to add such additional affirmative defenses that may become known to it.

## PRAYER FOR RELIEF

WHEREFORE, Satcom prays for judgment in its favor and against Intelsat as follows:

1. Denying all relief sought by Intelsat in its Complaint;

2. Dismissing with prejudice Intelsat's Complaint and all claims asserted therein against Satcom;

3. Awarding Satcom its costs; and

4. Granting such other and further relief, in law or in equity, as may be deemed just and appropriate.

Dated: February 28, 2007            Respectfully submitted,

                                           DLA PIPER US LLP

                                           /s/
                                           Edward B. Schwartz, Esq. (DC Bar No. 429690)
                                           Edward S. Scheideman, Esq. (DC Bar No. 475128)
                                           1200 Nineteenth Street, NW
                                           Washington, DC 20036-2412
                                           (202) 861-3900
                                           (202) 223-2085 (fax)
                                           e-mail: edward.schwartz@dlapiper.com
                                                       edward.scheideman@dlapiper.com

                                           *Attorneys for Defendant Satcom Systems, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 28th day of February, 2006, a copy of Defendants' Answer was via electronic served by electronic mail on:

David Bledsoe, Esq.
Nelson Mullins Riley & Scarborough LLP
101 Constitution Avenue, NW, Suite 900
Washington, DC 20001

                                                           /s/
                                       Edward S. Scheideman