IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INTELSAT USA SALES CORPORATION, )<br>)<br>and )<br>)<br>INTELSAT, LLC )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>SATCOM SYSTEMS, INC. )<br>)<br>Defendant. )<br>) | Case No. 1:07-cv-00119<br><br>Judge James Robertson |

## ANSWER TO FIRST AMENDED COMPLAINT

Defendant Satcom Systems, Incorporated ("Satcom"), by its counsel, DLA Piper US LLP, submits its Answer to the First Amended Complaint (the "Amended Complaint") filed by Plaintiffs Intelsat USA Sales Corporation and Intelsat, LLC (hereinafter collectively "Intelsat") and pleads as follows:

1. Satcom is without sufficient information or knowledge to admit or deny the allegations in Paragraph 1 of the Amended Complaint, and therefore, denies those allegations.

2. Satcom is without sufficient information or knowledge to admit or deny the allegations in Paragraph 2 of the Amended Complaint, and therefore, denies those allegations.

3. Satcom admits the allegations contained in Paragraph 3 of the Amended Complaint.

4. The allegations in Paragraph 4 of the Amended Complaint are conclusions of law to which no response is required.

5. The allegations in Paragraph 5 of the Amended Complaint are conclusions of law

to which no response is required. Satcom further states that the document referenced in Paragraph 5 of the Amended Complaint, and attached as Exhibit 1 thereto, speaks for itself, and therefore, Satcom denies any characterization of it.

6. Satcom denies the allegations in Paragraph 6 of the Amended Complaint and further states that the document referenced in Paragraph 6 of the Amended Complaint, and attached as Exhibit 1 thereto, speaks for itself, and therefore, Satcom denies any characterization of it.

7. Satcom denies the allegations in Paragraph 7 of the Amended Complaint.

8. Satcom denies the allegations in Paragraph 8 of the Amended Complaint and further states that the document referenced in Paragraph 8 of the Amended Complaint, and attached as Exhibit 1 thereto, speaks for itself, and therefore, Satcom denies any characterization of it.

9. Satcom denies the allegations in Paragraph 9 of the Amended Complaint and further states that the document referenced in Paragraph 9 of the Amended Complaint, and attached as Exhibit 1 thereto, speaks for itself, and therefore, Satcom denies any characterization of it.

10. Satcom denies the allegations in Paragraph 10 of the Amended Complaint and further states that the documents referenced in Paragraph 10 of the Amended Complaint speak for themselves, and therefore, Satcom denies any characterization of them.

11. Satcom denies the allegations contained in Paragraph 11 of the Amended Complaint.

12. Satcom denies the allegations contained in the first two sentences of Paragraph 12 of the Amended Complaint and further states that the allegations in the last sentence of

Paragraph 12 of the Amended Complaint are conclusions of law to which no response is required.

13. Satcom denies the allegations in Paragraph 13 of the Amended Complaint.

## COUNT ONE
(Breach of Contract)

14. Satcom adopts by reference and incorporates its responses to all previous allegations in all preceding paragraphs as if fully set forth herein.

15. The allegations contained in Paragraph 15 of the Amended Complaint are conclusions of law to which no response is required. To the extent that a response is required, Satcom denies the allegations and further states that the document referenced in Paragraph 15 of the Amended Complaint, and attached thereto as Exhibit 1, speaks for itself, and therefore, Satcom denies any characterization of it.

16. Satcom denies the allegations contained in Paragraph 16 of the Amended Complaint.

17. Satcom denies the allegations in Paragraph 17 of the Amended Complaint.

## COUNT TWO
(Quantum Meruit/Unjust Enrichment)

18. Satcom adopts by reference and incorporates its responses to all previous allegations in all preceding paragraphs as if fully set forth herein.

19. Satcom admits the allegations contained in Paragraph 19 of the Amended Complaint.

20. Satcom admits the allegations contained in Paragraph 20 of the Amended Complaint.

21. Satcom denies the allegations contained in Paragraph 21 of the Amended

Complaint and further states that that it has paid Intelsat for services provided.

22. Satcom denies the allegations in Paragraph 22 of the Amended Complaint.

## COUNT THREE
(Satellite Piracy in Violation of 47 U.S.C. § 605)

23. Satcom adopts by reference and incorporates its responses to all previous allegations in all preceding paragraphs as if fully set forth herein.

24. Satcom denies the allegations in Paragraph 24 of the Amended Complaint.

25. Satcom denies the allegations in Paragraph 25 of the Amended Complaint.

26. Satcom denies the allegations in Paragraph 26 of the Amended Complaint.

27. Satcom denies the allegations in Paragraph 27 of the Amended Complaint.

## COUNT FOUR
(Trespass to Chattels)

28. Satcom adopts by reference and incorporates its responses to all previous allegations in all preceding paragraphs as if fully set forth herein

29. Satcom denies the allegations in Paragraph 29 of the Amended Complaint.

30. Satcom denies the allegations in Paragraph 30 of the Amended Complaint.

31. Satcom denies the allegations in Paragraph 31 of the Amended Complaint.

## COUNT FIVE
(Conversion)

32. Satcom adopts by reference and incorporates its responses to all previous allegations in all preceding paragraphs as if fully set forth herein

33. Satcom denies the allegations in Paragraph 33 of the Amended Complaint.

34. Satcom denies the allegations in Paragraph 34 of the Amended Complaint.

## DEMAND FOR RELIEF

Satcom denies that Plaintiffs are entitled to any relief in this action, either as prayed for in their Amended Complaint or otherwise.

## AFFIRMATIVE AND OTHER DEFENSES

Satcom states the following affirmative and other defenses without assuming the burden of proof as to any issue that otherwise would rest with Plaintiffs.

### First Affirmative Defense

The Amended Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiffs breached their duty of good faith and fair dealing in the performance of the agreement between the parties, and therefore, Plaintiffs are not entitled to prevail in this action.

### Third Affirmative Defense

The claims in this action are barred by the doctrine of waiver.

### Fourth Affirmative Defense

Plaintiffs' claims are bared by the doctrine of unclean hands.

### Fifth Affirmative Defense

Plaintiffs' claims are barred by the doctrine of accord and satisfaction.

### Sixth Affirmative Defense

Plaintiffs have failed to mitigate the injuries or damages they alleged or sustained.

### Seventh Affirmative Defense

Plaintiffs' claims are barred by the doctrine of estoppel.

### Eighth Affirmative Defense

Plaintiffs' claims are barred by the doctrine of laches.

Dated: April 6, 2007

Respectfully submitted,

DLA PIPER US LLP

_____/s/_____
Edward B. Schwartz, Esq. (D.C. Bar No. 429690)
Edward S. Scheideman, Esq. (D.C. Bar No. 475128)
1200 Nineteenth Street, N.W.
Washington, D.C. 20036-2412
(202) 861-3900
(202) 223-2085 (fax)
e-mail: edward.schwartz@dlapiper.com
        edward.scheideman@dlapiper.com

*Attorneys for Defendant Satcom Systems, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INTELSAT USA SALES CORPORATION, <br><br> and <br><br> INTELSAT, LLC <br><br> Plaintiffs, <br><br> v. <br><br> SATCOM SYSTEMS, INC. <br><br> Defendant. | Case No. 1:07-cv-00119 <br><br> Judge James Robertson |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 6th day of April, 2007, a copy of Defendant's Answer to First Amended Complaint was served via electronic mail on:

David Bledsoe, Esq.
300 N. Washington Street
Suite 708
Alexandria, Virginia 22314

/s/
Edward S. Scheideman